UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GEORGE NOVAK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| VICKY THRASHER, IN HER INDIVIDUAL | ) | CAUSE NO. 2:15-CV-48 RLM-PRC |
| AND OFFICIAL CAPACITIES, AND | ) | |
| CITY OF VALPARAISO, INDIANA, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

OPINION and ORDER

Plaintiff George Novak sued the City of Valparaiso and Vicky Thrasher, a city code enforcement officer, alleging due process violations, failure to train or supervise creating liability under 42 U.S.C. § 1983, and an unlawful taking. This matter is before the court on the defendants' motion to dismiss.

I. BACKGROUND

In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of Mr. Novak. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009).

In 2010, the City of Valparaiso filed a complaint against Jean Wallen in state court to condemn an allegedly unsafe property she owned on Lincolnway in Valparaiso, based on at least seven violations of City of Valparaiso Ordinance No. 17-2008. The city added Mr. Novak, then a tenant at the Lincolnway

residence, as a defendant. Ms. Wallen was dismissed from the action after Mr. Novak purchased the property in July 2012.

Mr. Novak appeared in state court to contest a motion for default judgment on the ordinance violation, arguing the property wasn't unsafe and shouldn't be demolished. The state court entered a default judgment against Mr. Novak that ordered Mr. Novak to take certain actions to bring the property into compliance with Ordinance No. 17-2008. In August 2014, the state court granted a motion for contempt and to enforce fines against Mr. Novak in the amount of $26,500 due to his non-compliance with its default judgment. The city requested a sheriff's sale to liquidate the contempt fines. Mr. Novak brought this action in federal court challenging the legality of the actions of the city and Ms. Thrasher.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a), a complaint "must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." <u>Adams v. City of Indianapolis</u>, 742 F.3d 720, 728 (7th Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). Detailed facts and evidence aren't necessary, but "bare legal conclusions" need not be accepted as true and a "formulaic recitation of a cause of action's elements will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 547.

## III. DISCUSSION

Mr. Novak sued the City of Valparaiso and Ms. Thrasher in her individual and official capacities. His complaint alleges that, in violation of his due process rights, (1) the defendants pursued a faulty state court default judgment; (2) the defendants pursued a state court contempt order and sanctions based on that judgment; and (3) the defendants pursued a state court order for a sheriff's sale of his property to satisfy those sanctions. He also alleges that (4) the city failed to train, educate, and supervise Ms. Thrasher, causing unconstitutional conduct; and (5) the defendants' efforts to enforce the state court action through a sheriff's sale constituted an unlawful taking. The defendants move to dismiss all of Mr. Novak's claims for failure to state a claim upon which relief can be granted.

### A. Counts I, II, and III - Due Process Claims

Counts I, II, and III of Mr. Novak's complaint assert due process violations resulting from the defendants' pursuit of a default judgment and subsequent actions to enforce that judgment. Those three counts must be dismissed.

Mr. Novak claims that the defendants violated his due process rights by seeking a default judgment without proving the allegations contained in their complaint by a preponderance of the evidence. The defendants' efforts to enforce that default judgement through a contempt order, sanctions, and sheriff's sale are based on the improper default judgment and so they too violate due process.

A default judgment and its subsequent enforcement don't present due process problems provided the defendant receives notice and the opportunity to be heard. *See* Trade Well Int'l v. United Cent. Bank, 825 F.3d 854, 859-860 (7th Cir. 2016). Mr. Novak doesn't allege that notice was inadequate or that he wasn't given the opportunity to be heard. Rather, Mr. Novak's due process claims are based on the mistaken belief that the defendants were required to prove that he violated the ordinance before the court could enter a default judgment. He alleges that a default judgment for violating Ordinance No. 17-2008 isn't available under Indiana state law because state law required that the defendants prove a violation of the ordinance by a preponderance of the evidence. *See* Ind. Code § 34-28-5-1(d) (requiring that the plaintiff prove an ordinance violation by a preponderance of the evidence). The default judgment is thus constitutional.

The default judgment also presents no problem under Indiana law or the law of this circuit. A default judgment is "a confession of the complaint and it is

rendered without a trial of any issue of law or fact." <u>Davis v. Davis</u>, 413 N.E.2d 993, 996–97 (Ind. Ct. App. 1980); <u>Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."). Mr. Novak doesn't challenge the allegations in the state court complaint and doesn't allege that they were improperly pleaded, incapable of proof, or unsupported. The defendants weren't under an obligation to prove facts by a preponderance of the evidence to move for, or seek enforcement of, a default judgment. *See* <u>Dundee Cement Co.</u>, 722 F.2d at 1323 (7th Cir. 1983) (holding that a federal trial court doesn't abuse its discretion by determining that a hearing on the truth of any allegation relating to liability was unnecessary before entering default judgment).

Mr. Novak's complaint doesn't state facts which, if true, would support his due process claims. Mr. Novak doesn't allege that he was deprived of notice or opportunity to be heard before the default judgment was entered. He is incorrect that the defendants were obligated to prove their allegations by a preponderance of the evidence. Therefore, his due process claims must be dismissed.

## B. Count IV - § 1983 <u>Monell</u> Claims

Count IV of Mr. Novak's complaint alleges that the city created a policy or custom of unconstitutionally responding to and investigating complaints regarding the city's enforcement of Ordinance No. 17-2008. Mr. Novak's complaint further alleges that the city failed to adequately train or supervise its

employees regarding the appropriate process and procedure to respond to violations of Ordinance No. 17-2008. Because Mr. Novak doesn't allege facts creating a reasonable inference that the alleged policy or custom, including failure to train or supervise, resulted in a violation of Mr. Novak's constitutional rights, Count IV must be dismissed.

A municipality may be held liable under 42 U.S.C. § 1983 for constitutional violations caused by the municipality's policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). "[T]he factual allegations in [a] complaint must allow [the court] to draw the reasonable inference that the City established a policy or practice [causing constitutional violations]." McCauley v. City of Chicago, 671 F.3d 611, 618 (7th Cir. 2011).

Failing to adequately train or supervise municipal employees can be alleged as a policy or custom that provides grounds for liability. *See* Jenkins v. Bartlett, 487 F.3d 482, 492 (7th Cir. 2007) (holding that "a municipality may be directly liable for constitutional violations by its officers when the municipality evinces a deliberate indifference to the rights of the plaintiff by failing to train adequately its officers to prevent the violation"); Kitzman-Kelley ex rel Kitzman-Kelley v. Warner, 203 F.3d 454, 459 (7th Cir. 2000) (recognizing that a municipality may be held liable if defendant[s] w[ere] "deliberately indifferent in their failure to supervise adequately the alleged perpetrator").

Mr. Novak's § 1983 claim is largely founded on his allegation that the city sought to enforce Ordinance No. 17-2008 without proving any violations by a

preponderance of the evidence as alleged in his due process claims. Regarding

his policy or custom claim, Mr. Novak's complaint alleges that:

> the City has failed to adequately respond to and investigate complaints regarding misconduct in the enforcement of Ordinance [No.] 17-2008 made by the citizenry, including but not limited to complaints regarding *the inappropriate use of a default judgment without proof by a preponderance of the evidence*, thereby creating a policy, custom, practice, or atmosphere where such illegal and unconstitutional behavior is ratified, condoned[,] or approved (emphasis in original).

Regarding his failure to train and supervise claim, Mr. Novak's complaint

alleges that the city "failed to adequately train, educate[,] and supervise [Ms.]

Thrasher with respect to appropriate process and procedures to prove a violation

of Ordinance [No.] 17-2008, thereby creating an atmosphere that fomented illegal

and unconstitutional behavior."

There "can be no municipal liability based on an official policy under

Monell if the policy did not result in a violation of a plaintiff's constitutional

rights." Petty v. City of Chicago, 754 F.3d 416, 424–25 (7th Cir. 2014). The only

facts in Mr. Novak's complaint alleging a constitutional violation are those that

formed the basis of his due process claims in Counts I, II, and III, the defendants'

efforts to secure and enforce a default judgment for violations of Ordinance No.

17-2008.[1] As noted earlier, the complaint failed to state a claim that these

---

[1] While Mr. Novak alleges the city's policy or custom "includ[es] but [isn't] limited to" the city's use of a default judgment to enforce Ordinance No. 17-2008, the complaint alleges no facts to support the claim of an impermissible policy or custom beyond ordinance enforcement.

actions violated the Constitution. Because Mr. Novak's complaint doesn't allege facts allowing the court to draw the reasonable inference that the policy or custom resulted in a violation of Mr. Novak's constitutional rights, his Monell claim must be dismissed. *See* Jenkins v. Bartlett, 487 F.3d 482, 492 (7th Cir. 2007) (recognizing that "there can be no liability under Monell . . . when there has been no violation of the plaintiff's constitutional rights").

### C. Count V - Taking

Count V repeats many of the due process allegations in Courts I, II, and III, which have already been addressed. Count V also alleges that the state court action to enforce Ordinance No. 17-2008 was an unconstitutional taking.

To state a claim for an unconstitutional taking, Mr. Novak's complaint must allege that (1) he had a property interest protected by the Fifth Amendment's Taking Clause, (2) the city's enforcement of Ordinance No. 17-2008 effected a taking of that property interest, (3) the alleged taking was for a public use, and (4) the city didn't provide for just compensation. *See* Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1000–01 (1984). The court needn't discuss all four elements of Mr. Novak's takings claim because he hasn't pleaded any facts allowing the court to draw the reasonable inference that the compensation element is ripe.

"The Constitution does not forbid government to take private property for public use; it merely requires that, if it does so, it pay the owner just compensation." Rockstead v. City of Crystal Lake, 486 F.3d 963, 965 (7th Cir.

2007). A takings claim isn't ripe "until the government refuses to compensate the owner." Id. In a case such as this, where a city allegedly seeks the forced sale of property, Mr. Novak "must exhaust his state judicial remedies, if necessary by appealing an adverse decision . . . because unless and until the state courts turn him down, his right to just compensation has not been infringed." Id.

Mr. Novak pleaded no facts suggesting he has requested and been denied just compensation for the alleged taking. Because he pleaded no facts allowing the court to draw the reasonable inference that the takings claim is ripe, this claim is also dismissed.

### D. Leave to Amend

Mr. Novak might conceivably file an amended complaint that cures the deficiencies in all of the counts of his complaint. Therefore, all counts are dismissed with leave to amend.

### IV. CONCLUSION

For the reasons stated above, the court GRANTS the defendants' motion to dismiss [Doc. No. 8]. The court affords Mr. Novak 21 days from the date of this order to file an amended complaint.

SO ORDERED.

ENTERED:  September 29, 2016

　　　　/s/ Robert L. Miller, Jr.
Judge
United States District Court

-9-