UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GEORGE NOVAK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:15 CV 48 |
| VICKY THRASHER, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on a motion to dismiss filed by defendants, Vicky Thrasher and her employer, the City of Valparaiso, Indiana. (DE # 24.) Plaintiff filed a response to the motion (DE # 29), defendants have filed a reply (DE # 30), and the motion is now ripe for ruling. For the following reasons, the motion to dismiss is **denied** and the court, *sua sponte,* **moves to dismiss** the amended complaint.

I.     BACKGROUND

Plaintiff has filed an amended complaint alleging violations of his due process rights arising out of municipal ordinance violation proceedings ("the State Court Lawsuit") in the Porter County Superior Court. (DE # 21.) Defendant Vicky Thrasher is a building commissioner employed by her co-defendant, the City of Valparaiso, Indiana. (DE # 21-3 at 4.) Plaintiff alleges that defendants wrongfully initiated ordinance enforcement proceedings against him and obtained a money judgment in the amount of $26,500. (DE # 21 at 7-8.) This judgment was allegedly unlawful in that it greatly exceeds the statutory caps for ordinance violations under Indiana Law. (*Id.* at 4.) Plaintiff alleges that defendants evaded the statutory limits by intentionally mis-coding

the state court action as an "MI" (miscellaneous) case rather than an "OV" (ordinance violation) case. (*Id.*)

Moreover, plaintiff alleges that defendants violated his due process rights by failing to comply with the procedural notice requirements before filing the State Court Lawsuit and obtaining a default judgment against the plaintiff. (*Id.* at 6.) Lastly, he alleges a violation in that defendants sought a "Sheriff's sale" of his property in order "to liquidate the unlawful money judgment in the State Court Lawsuit." (*Id.*)

Plaintiff's complaint seeks compensatory and punitive damages against defendants as well as injunctive relief preventing any further efforts to seize plaintiff's property and enforce plaintiff's contempt fines. (*Id.* at 13-14.)

## II. DISCUSSION

Defendants have filed a motion to dismiss the amended complaint on the basis that it fails to state a claim upon which relief can be granted. (DE # 24.) However, before addressing the merits of the motion to dismiss, the court must resolve a more fundamental matter of subject-matter jurisdiction.

The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). "In its most straight-forward presentment, the *Rooker-*

2

*Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment." *Id.* Thus, the doctrine is triggered when, "after state proceedings have ended, a losing party in state court files suit in federal court complaining of a state court judgment and seeking review and rejection of that judgment." *Holt v. Lake Cty. Bd. of Comm'rs.,* 408 F.3d 335, 336 (7th Cir. 2005).

A separate jurisdictional doctrine applies to federal suits involving pending state court actions. The *Younger* doctrine of abstention "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana,* 502 F.3d 590, 595 (7th Cir. 2007). This doctrine was originally limited to criminal prosecutions but has since been expanded to cover "various civil proceedings in state court implicating important state interests." *Id.* at 595 n.5 (internal quotation marks omitted).

Under *Younger*, "federal district courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007).

As plaintiff states in his response to the motion to dismiss, this lawsuit "seeks to redress the defendants' unlawful use of state court jurisdiction to obtain 'contempt fines' against Novak contrary to the standards of due process as set by state law." (DE # 29 at 1.) Thus, the "injury" in this case stems from the default order and contempt fines in the State Court Lawsuit and his claims directly implicate those judgments.

3

Furthermore, the amended complaint seeks injunctive relief "including the entry of a preliminary injunction against any and all efforts to enforce the unlawful contempt fines entered in the State Court Lawsuit." (DE # 21 at 14.) Thus, to the extent that the State Court Lawsuit is still pending, plaintiff's claims seek federal court interference with those proceedings.

Neither party addressed the issue of jurisdiction in the briefing related to the motion to dismiss. Based upon the amended complaint and the response to the motion to dismiss, it is unclear to what extent the State Court Lawsuit is still pending in the Porter Superior Court. For their part, defendants indicate that the underlying State Court Lawsuit is still pending. (DE # 25 at 1.) In either scenario, one of the aforementioned doctrines would appear to deprive the court of jurisdiction over plaintiff's claims. *See, Yoder v. City of Logansport, Indiana*, 286 F. App'x 322, 324 (7th Cir. 2008) (upholding dismissal under *Rooker-Feldman* where plaintiff's claims attacked state court order in zoning ordinance violation case); *Am. Nat. Bank of Chicago v. Parkman*, 702 F. Supp. 168, 171 (N.D. Ill. 1988) (finding lack of jurisdiction under *Younger* abstention doctrine where plaintiff's federal claims sought to enjoin enforcement of municipal zoning ordinance).

The court can move to dismiss a compliant *sua sponte* "if [it has] given the affected parties advance notice of their intent to do so and a fair opportunity to respond with argument and evidence." *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012). The court now moves to dismiss the amended complaint and the parties will be afforded an opportunity to respond.

4

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 24) is **DENIED**. The court, *sua sponte*, **MOVES TO DISMISS** the amended complaint for lack of subject-matter jurisdiction. The parties are hereby **GRANTED** thirty days from the date of this order to file any argument or evidence that they believe to be relevant to the court's analysis of subject-matter jurisdiction.

**SO ORDERED.**

Date: September 18, 2017

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT