UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GEORGE NOVAK, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 2:15 CV 48 |
| VICKY THRASHER, *et al.*, | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court for resolution of the court's *sua sponte* motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction. (DE # 32.) For the following reasons, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction.

I.  BACKGROUND

Plaintiff's amended complaint alleges that his due process rights were violated during municipal ordinance proceedings ("the State Court Lawsuit") that defendants initiated against him in the Porter County Superior Court. (DE # 21.) At the time of the State Court Lawsuit defendant Vicky Thrasher was a building commissioner employed by her co-defendant, the City of Valparaiso, Indiana ("the City"). (DE # 21-3 at 4.)

Plaintiff was served with notice of the State Court Lawsuit on June 22, 2012. (DE # 21 at 6.) On February 13, 2013, after he failed to respond to the complaint, the State court found plaintiff in default. (DE # 21-2.) The State court ordered plaintiff to make specific repairs to his property within 60 days of the order. (*Id.*) Plaintiff did not

comply, and on October 7, 2014, the State court entered judgment in favor of the City, and against plaintiff, in the amount of $26,500. (DE # 21-4.)

Plaintiff's amended complaint alleges that defendants wrongfully initiated ordinance enforcement proceedings and obtained a money judgment against him. (DE # 21 at 7-8.) According to plaintiff, the money judgment itself was unlawful because it exceeded the statutory cap on ordinance violation sanctions under Indiana Law. (*Id.* at 4.) He argues that defendants intentionally evaded the statutory cap by mis-coding the state court action as a Miscellaneous ("MI") case rather than an Ordinance Violation ("OV") case. (*Id.* at 9.) Plaintiff also claims that the State court sanctions violated his procedural due process rights, and that defendants knew that his rights had been violated. (*Id.* at 9-12.) He now seeks monetary and injunctive relief against defendants to prevent them from seizing his property and enforcing the State court sanctions. (*Id.* at 13-14.)

## II. DISCUSSION

### A. *Application of the* Rooker-Feldman *Doctrine*

This court has moved to *sua sponte* dismiss plaintiff's case for want of subject-matter jurisdiction. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642 (7th Cir. 2011) ("The district court correctly considered the *Rooker-Feldman* doctrine *sua sponte*."). Plaintiff has had the opportunity to address the court's concerns regarding subject-matter jurisdiction and the applicability of the *Rooker-Feldman* jurisdictional doctrine. (DE # 33.) Therefore, this matter is now ripe for ruling.

2

"The *Rooker–Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine is triggered when, "after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005).

Here, the *Rooker-Feldman* doctrine applies to deprive this court of subject-matter jurisdiction. Plaintiff seeks redress from the injury he allegedly sustained from the State court's entry of default judgment and contempt sanctions. Plaintiff makes his intent to disrupt the State court judgment plain throughout his amended complaint. For example, he alleges that he "was held in contempt of an invalid order that, but for the Defendant's violation of Indiana Supreme Court Administrative Rule 8, the Court would not have entered." (DE # 21 at 13.) He repeatedly references the contempt sanction as the "unlawful money judgment" (DE # 21 at 7-9), and specifically asks this court to enter a preliminary injunction prohibiting the enforcement of "the unlawful

contempt fines entered in the State Court Lawsuit." (DE # 21 at 14.) Because plaintiff seeks to disrupt the State court judgment, his claims are barred by *Rooker-Feldman*.

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because his federal claims are independent of the State court judgment. He argues, for example, that he had an independent right to have his State court case filed and coded as an Ordinance Violation case, rather than a Miscellaneous case, and that his federal suit merely seeks redress for the violation of that right. (DE # 33 at 3.) Yet, an allegation that a State court judgment violated a state or federal law is not sufficient to give this court subject-matter jurisdiction to review the State court judgment. "The question for *Rooker-Feldman* purposes is not whether the state judgment was wrong or unconstitutional or void. Rather, it is whether . . . the injuries for which plaintiffs seek redress resulted or are inextricable from the state judgment, or if . . . plaintiffs have alleged an injury independent of the state judgment." *Lennon v. City of Carmel, Indiana*, 865 F.3d 503, 507 (7th Cir. 2017) (alleged misuse or misapplication of local ordinance did not serve as basis for federal review of state-court judgment).

Here, plaintiff's alleged injuries are inextricably tied to the State court judgment. The injury he allegedly sustained was not a result of defendants' classification of the case, but a result of the State court's judgment against him; he would have suffered no injury had the State court not entered judgment against him. *See, e.g.*, *Harold*, 773 F.3d at 886 ("No injury occurred until the state judge ruled against [plaintiff]."). Thus, his claims necessarily implicate the validity of the State court's judgment. *See Mains v.*

4

*Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017), *cert. denied*, 2017 WL 3069966 (U.S. Oct. 2, 2017) ("If we were to delve into the question whether fraud tainted the state court's judgment, the only relief we could give would be to vacate that judgment. That would amount to an exercise of *de facto* appellate jurisdiction, which is not permissible."); *Andress v. Daubert Law Firm, LLC*, 667 F. App'x 154, 155 (7th Cir. 2016) (federal court did not have jurisdiction to review plaintiff's claim related to State court entry of default judgment because resulting injury could not be separated from State court judgment); *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008) (plaintiff's federal claims could not be separated from State court judgment because review would require court to determine whether State court erred in granting relief). Here, because plaintiff's federal claims necessarily challenge the validity of the State court's judgment, the *Rooker-Feldman* doctrine applies to bar his federal claims.

  B.  *Application of the* Younger *Abstention Doctrine*

  To the extent that this case remains open and on-going at the State court level, the *Younger* abstention doctrine applies to bar plaintiff's request for a preliminary injunction. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine "generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007); *see also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Under *Younger*, "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1)

5

judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

"*Younger* abstention ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts . . . ." *Forty One News, Inc. v. Cty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). "[I]f a person is believed to have violated a state law, the state has instituted a criminal, disciplinary, or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding." *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 592 (2013) (identifying State civil contempt order as a matter subject to *Younger* abstention).

Here, plaintiff argues that the court should not abstain from this case because it qualifies for the 'bad faith' exception to the *Younger* doctrine. Plaintiff argues that the State court proceedings were motivated by defendants' desire to harass and/or impermissibly expand their claims outside the statutory confines of an Ordinance Violation claim. (DE # 33 at 4-5.) According to plaintiff, this court must accept his allegation that defendants acted in bad faith because the court must analyze the facts in the light most favorable to the party opposing a motion to dismiss. (DE # 33 at 4-5.) However, the Seventh Circuit has explicitly rejected this argument when made in the

context of the *Younger* abstention doctrine. *See Suster v. Jefferson-Moore*, 118 F. App'x 87, 90 (7th Cir. 2004); *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999). To the contrary, where *Younger* is implicated, a plaintiff must have alleged "specific facts to support her inferences of bad faith . . . [and] must present more than mere allegations and conclusions." *Crenshaw*, 170 F.3d at 729. Here, plaintiff has set forth no more than conclusory allegations that defendants intentionally mis-coded this case. This is not sufficient to establish bad faith. *See e.g. Forty One News, Inc.*, 491 F.3d at 666 (*Younger* abstention appropriate where federal plaintiff challenged constitutionality of State court ordinance enforcement proceeding). Thus, to the extent that the matter remains pending before the State court, the *Younger* abstention doctrine applies, and this court will not consider plaintiff's request for injunctive relief.

## III. CONCLUSION

For the foregoing reasons, the court **DISMISSES** the amended complaint (DE # 21) *sua sponte* for lack of subject-matter jurisdiction. The court **DIRECTS** the Clerk to terminate this case.

**SO ORDERED.**

Date: December 14, 2017

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

7